### THOMAS P. CREDLE v. THOMAS D. SWINDELL.

An action on the case for deceit, will not lie for the vendee against the vendor for false representations by the latter as to the quantity of land sold; he should have had a survey, or taken a covenant as to the quantity sold.

(*Lytle* v. *Bird*, 3 Jon. 222, cited and approved.)

CASE, before *Warren*, *J.*, upon a demurrer to the declaration, at Spring Term 1868 of the Superior Court of HYDE.

The plaintiff declared that the defendant being seized of two certain pieces of land in said County, describing them by metes and bounds, for a valuable consideration sold them to him by deed, &c., and that at various times before and at the time of the sale he falsely and deceitfully, &c., represented to the plaintiff that there were in the former tract 370 acres and in the latter 40 acres, whereas the former contained only 106 acres, and the latter only twelve acres; all of which the defendant well knew at the time, &c.; that the plaintiff could not by any reasonable means, or without excessive costs have ascertained the falsity of the representations thus made; and that he believed and relied upon them in making the purchase, &c.

The defendant filed a general demurrer. His Honor sustained the demurrer, and the plaintiff appealed.

*Carter*, for the appellant.

None of the former cases in this State settle the special question raised here, as to the competency of an action of deceit in case of a fraudulent misrepresentation in the sale of land. Such form of action is not unfrequent in England. Rawle on Cov. for Title, pp. 458 to 480, and notes.

*Fowle & Badger, contra.*

The rule *here* seems to be that where the defect being known to the vendor, might by an examination have been discovered

NOTE.—Judge Rodman did not sit in this case, having formerly been of counsel therein.

by the vendee, no action will lie. *Lytle* v. *Bird,* 3 Jon. 222; *Fagan* v. *Newsom,* 1 Dev. 20; *Sanders* v. *Hatterman,* 2 Ire. 32; *Bac.* Ab. 1, p. 80.

SETTLE, J. The vendor fraudulently makes a false representation to the purchaser, as to the quantity of land contained in certain boundaries, asserting the same to be as much as four hundred and ten acres, when in fact, there were only two hundred and eighteen acres: Can an action of deceit be maintained for this fraud?

The question is fully answered by the case of *Lytle* v. *Bird,* 3 Jon. 222, and the cases there cited.

In that case, the vendor showed to the purchaser one hundred and sixty-three acres of land, which he represented to be a part of the tract he was selling, when he knew that it was not included in his boundaries, and did not belong to him. It would be difficult to find a case more like ours. The vendor certainly stands in a very unfavorable light, yet the Court say, "the mode and facility of ascertaining the truth was open to the plaintiff equally with the defendant by a survey, which he ought to have insisted upon before receiving the conveyance; it was his own folly not to have done so."

So in our case, if the plaintiff has sustained any loss, he must attribute it to his own negligence and indiscretion; he has not exercised that diligence which the law expects of a reasonable and careful person, but was wilfully ignorant of that which he ought to have known. He might have ascertained the fact by an actual survey, or taken a covenant as to quantity. *Vigilantibus non dormientibus jura subveniunt.*

PER CURIAM.　　　　　　　　　　　Judgment affirmed.