JOS. W. ETHERIDGE and another *v.* WILLIAM PALIN and wife and others.

Parol testimony is inadmissible to add to, or alter a written contract.

This was a Civil Action, for the recovery of damages, asising from alleged misrepresentations in the sale of a fishery, &c., tried before *Albertson, J.,* at the August Term, 1874, of Perquimans Superior Court, into which it had been removed from the Superior Court of Dare county.

In their complaint the plaintiffs alleged false representations or deceit, on the part of the defendants in a sale of certain fishing materials, fully described in the written contract of sale, set out in the pleadings.

On the trial, the plaintiffs ordered the following parol evidence of the contract between the parties. This evidence was objected to by the defendants on the ground, that the contract was in writing, and could not be varied or added to by parol testimony. His Honor overruled the objection, and admitted the evidence.

On the 27th July, 1872, on Roanoke island, Wm. Palin, the defendant, offered to sell to the plaintiffs the fishing beach and appliances belonging to the same, which were owned by himself and the other defendants, from whom he had authority to sell, consisting of boats, windlasses, a seine, ropes, corks, &c., at the price of $5000. At the time the plaintiffs expressed a willingness to purchase, at a fair price, but that they were entirely ignorant of the quantity and quality of the materials belonging to the fishery—some ten miles distant; and that their purchase would depend upon the outlay necessary to be made, to enable them to fish the beach the ensuing Spring, exclusive of the purchase money. That the defendant, Wm. Palin, represented that the seine, rope and corks were packed away in good order in a small room on the beach at the close of the last season ; that he had personally superintended the fishing the preceding Spring; that the capstans

were in good order; that a half day's work of one carpenter would put the boats in order; and that the addition of 300 yards of new seine and two coils of new rope, would be all that was necessary to fish the beach with a seine of the usual length, say 1600 yards, or thereabouts.

To this the plaintiffs replied, that if they purchased, it would be done entirely upon the representation of defendant; whereupon, he said that he would guarantee the materials and appliances to be as he had described them. The payments were then agreed upon, and it was understood that the defendants were to close the trade by finally excepting or rejecting the offer of the plaintiffs on the Monday following.

On that day the same defendant, Wm. Palin, notified the plaintiffs that he accepted the price upon the terms previously agreed upon. That he, the defendant, afterwards, procured one Griffin to draw up the contract (as set out in the complaint of the plaintiffs,) and presented the same to the plaintiffs, who read and accepted it; upon which, the cash payment was made and the notes for the balance of the purchase money, given. That before this written contract was accepted, the plaintiff Brinkley declined to do so, or to comply with its terms, until the plaintiffs could personally examine the quantity of the materials they were purchasing, whereupon the defendant stated, that they were put away in a small house; that a personal examination was wholly impracticable, and that he would not take the trouble to show them, unless a sale was agreed upon; but that he would guarantee that the materials, &c., were in the condition and of the quality and quantity previously represented by him. That upon the faith of these representations alone, the payments were made and the security given.

Evidence was also offered by the plaintiffs, which was objected to by the defendants, but admitted by the Court, that an examination of the seine and rope at that time would not determine their quality and value, because being dry, it could not be determined 'till put into use, whether they were sound

or not; that the said materials and appliances were afterwards found not to be of the quantity or quality represented; that the seine and rope were rotten; that of the fourteen capstans, ten were rotten and worthless, and had to be replaced with new ones; that the boats were unfit for use, and had to be repaired at much cost; that 700 yards of the seine, 14 coils of new rope and 300 corks had to be added to that purchased from defendants in order to fish a seine of the usual length, in the Spring of 1873.

To all the foregoing verbal testimony, tending to add to or contradict the written contract, the defendants objected. His Honor admitted it and the defendants excepted.

The defendant, Wm. Palin, examined in behalf of himself and the other defendants, denied the alleged false representations sworn to by the plaintiffs, and his having made any guaranty as to the quantity or quality of the materials, &c., sold.

The jury, in response to certain issues submitted to them by the Court, found,

1. That Wm. Palin did not make representations to the plaintiffs, or either of them in regard to the quantity or quality of the materials, knowing the same to be untrue at the time the bargain was made.

2. That he did make representations which were in fact untrue, at that time.

3. That the plaintiffs relied upon those representations, and that they were untrue in fact.

4. That the parties intended conditions of the sale, other than those included in the written contract.

5. That the defendants guaranteed that the materials, &c., were of better quality than they really were.

6. And that the plaintiffs, on account of such wrongful representations, sustained damage to the amount of $1100.

The plaintiffs had judgment, after a motion for a new trial, which was overruled. Appeal by defendants.

*Moore & Gatling,* for appellants.
*Smith & Strong,* contra.

PEARSON, C. J.  The rule of evidence, " parol testimony is not admissable to add to a written contract," is so well settled and its importance in the administration of justice, both in courts of law and courts of equity, is so evident, that we are at a loss to see, aided by the argument of Mr. Smith, on what ground his Honor departed from it, and allowed the plaintiff, as a witness for himself, to swear that in addition to the written contract in regard to the fishery, seine, ropes, &c., the defendants had made a guarantee as to the quantity and quality of the materials which had contracted to convey.

Upon the parol testimony, which his Honor admitted, the jury were justified in finding that the defendants did guarantee that the fishing materials were of better quality or more in quantity, than actually was the fact.

If this guaranty as to quantity or quality can, by parol testimony, be added to the written contract, that is decisive.  The case turns upon the question of evidence.  As to which, the argument of Mr. Smith yields, there can be no doubt unless the purpose of the action was to demand a reform of the written contract, on the ground of fraud, imposture or mistake, in regard to its execution, and the omission to insert a warranty as to quality or quantity.  But there is no allegation of fraud, imposture or mistake, in regard to the execution of the written contract, or the omission to insert a warranty as to the quality or quantity of the fishing materials, so as to invoke the equity jurisdiction of the Court.  On the contrary, the complaint avers that the contract of sale between the plaintiffs and the defendants, was reduced to writing, and a copy is appended as a part thereof, without any averment of fraud, imposture or mistake.

Mr. Smith then took the position, " when a party affirms as a fact, a matter which turns out not to be true, it makes no difference whether he knows it to be untrue or not."  That is so; but it rests on the ground, that as a part of the contract, he undertakes and affirms that the matter is true, and this, as we have seen, is excluded by the terms of the written contract.

In short, it is settled, when the gravamen is on a false *warranty*, the plaintiff must prove a defect in the article, and also a warranty.   When the gravamen is on a *deceit*, the plaintiff must prove a defect in the article, and also the *scienter*, that is, that the party knew of such defect.   In our case, that is excluded by the finding of the jury.   His Honor seems to have been led into error, by not adverting to this distinction ; and the complaint is so drafted as to have lead to the impression, and to make it impossible to say, whether the gravamen is on a false warranty, or on a deceit.

There is error.   This will be certified, &c.

PER CURIAM.                                *Venire de novo.*