It was in evidence that John S. Willis, the assignor of the plaintiffs, on the 2nd day of October, 1866, placed in the hands of the defendant for collection a note on one F. Broadwell for three hundred dollars, which note was payable to Willis, on the 1st September, 1861. The defendant who was sheriff of Bladen county gave the following receipt:
"Received, Bladen county, N.C. 2nd October 1866, of John S. Willis one note endorsed by himself to me on F. Broadwell for three hundred dollars, payable on the first day of September, 1861, which note I am to collect and account to him for or return to him if not collected.
(Signed) W. H. WHITE, Sheriff.
The defendant as agent for Willis instituted suit and recovered a judgment upon the note for the sum of $576.30, being the amount due on the note, on the 11th December, 1871, which sum was at that time paid to the defendant's attorney. It was also in evidence that the plaintiffs paid to Willis the *Page 485 
full value of the note, which was at the time of its assignment in the hands of the defendant, for collection. Evidence was also introduced tending to show that the defendant had knowledge of the assignment, and that a demand for payment was made and the same refused before the institution of this action.
The defendant was introduced as a witness and testified, that he had never received but two hundred and fifty dollars of the money collected by his attorney on the Broadwell claim; and that the plaintiff forbade the said attorney to pay the money so collected to the defendant.
The plaintiffs denied that they had forbid the attorney to pay over the money to the defendant, and testified that the defendant did not disclose to them that any part of the money had been collected, until they themselves ascertained the fact some three years afterward.
The defendant testified that as administrator of George M. White, deceased, he held claims against John S. Willis, and that it was for the purpose of securing the payment of these claims that he became the agent of Willis. This evidence was objected to by the plaintiffs on the ground that the defendant showed no settlement of the estate of his intestate, and upon the further ground that he failed to show that the notes due to the estate of his intestate belonged to the defendant individually. The Court sustained the objection and the defendant excepted.
It was further in evidence that John S. Willis had never agreed with the defendant to allow the claims due to him as administrator, to be retained from the money to be collected from the Broadwell note. That at the time Willis placed the note in the hands of the defendant for collection, the estate of the defendant's intestate was indebted to him in an amount nearly or quite equal to the amount, to which he was indebted to said estate. He had several times requested a settlement with the defendant, and the same had been refused.
His Honor instructed the jury that it was the duty of the *Page 486 
defendant, acting as the agent of the plaintiffs, to have disclosed to them the time when the money had been collected and to have paid the same over to them promptly. That the claims in the hands of the defendant belonged to the estate of George M. White, there being no evidence that there had ever been a settlement of the estate of George M. White, and an assignment of said claims to the defendant as his individual property could not avail the defendant as a good set off in this action.
His Honor further instructed the jury, that in considering their verdict they should allow the plaintiff interest on the amount received by the defendant from the time it was received and not from the time of the demand upon the defendant." To this charge of his Honor the defendant excepted.
The jury rendered a verdict in favor of the plaintiffs for $469.00, the amount due to the plaintiff after deducting $20 attorney's fee and $100 paid by defendant to the order of J. S. Willis. Thereupon the defendant moved for a new trial; motion was overruled, and the defendant appealed.
His Honor erred in excluding the proposed. testimony of the defendant. It was clearly competent for him to show that when he gave the receipt for the note, it was agreed between him and Willis, as the consideration and reason of his undertaking, that he should first apply the money collected to the discharge of certain notes he held for collection on the said John S. Willis. The proposed evidence was not at all inconsistent with the terms of the receipt given, but merely explanatory thereof. If the proposed testimony had been received and was true, it was immaterial whether the claims he held belonged to the defendant individually or not. They were in his hands for collection, and as he collected the money due upon the Willis note it discharged these claims *Page 487 
against him in the hands of the defendant. In this view of the case, the complaint should have been framed so as to have an account taken. But how the fact is as to the agreement has not been determined.
Error.
PER CURIAM. Judgment reversed, and venire de novo.