THOMAS RAY v. W. T. BLACKWELL et als.

*Evidence—Parol to vary Written Instrument.*

1. Parol evidence is not admissible to alter or contradict the terms of a written contract.

2. Where the part of the contract attempted to be proved by parol has been omitted by fraud, or by *mutual* mistake or accident, it may be used as a defence to an action on the contract, if properly pleaded.

(*Etheridge* v. *Palin,* 72 N. C., 213; *Twidy* v. *Sanderson,* 9 Ired., 5; *Daughtry* v. *Boothe,* 4 Jones, 87; *Manning* v. *Jones,* Busb., 368; *Perry* v. *Hill,* 68 N. C., 417; *Woodfin* v. *Sluder,* Phil., 200; *Kerchner* v. *McRae,* 80 N. C., 219; *Braswell* v. *Pope,* 82 N. C., 57; *Terry* v. *The Railroad,* 91 N. C., 236; *Sherrill* v. *Hagan,* 92 N. C., 345; *Willis* v. *White,* 73 N. C., 484; *Howell* v. *Hooks,* 2 Dev. Eq., 258, cited and approved).

CIVIL ACTION, tried before *Gilmer, Judge,* and a jury, at January Special Term, 1886, of the Superior Court of DURHAM county.

The plaintiff entered into a contract, written and under seal, with the defendants William T. Blackwell and Julian S. Carr, constituting the partnership firm of Blackwell & Carr, for the rent of a certain house owned by them, expressed in the following terms:

"The undersigned, Thomas Ray, hereby agrees to rent from Blackwell & Carr the premises known as House No. 18, situate on Rail Road street, for the term of twelve months, at the price of ten dollars per month, payable monthly in advance. And it is further agreed, that the said Thomas Ray shall take good care of the said property, not committing, nor permitting any waste thereon, and shall not sublet the same without the written consent of said Blackwell & Carr. And further, that if the rent shall not be paid at the first of each and every month, or if at any time any of the stipulations hereof are broken, then the term of the said Thomas Ray therein shall cease, and the said Blackwell & Carr shall resume their possession of the same, which the said Thomas Ray agrees to surrender, waiving all demand and notice to which he might otherwise be entitled under the law.

"In testimony whereof, the said Thomas Ray has hereunto set his hand and seal the 3rd day of September, 1883.

his<br>
"THOMAS ✕ RAY, (Seal).<br>
mark.

"Witness:

　"N. A. RAMSEY."


Under this contract of lease, confined· to a single room in the numbered tenement, the plaintiff held possession for about one month, as his complaint alleges, when the defendant Ramsey, as agent for, and under the authority of his co-defendants, took possession of the house, in the presence of, and against the remonstrance of the plaintiff, and in the course of several days removed it to another locality, in doing which it was rendered uninhabitable, and plaintiff was compelled to leave. For this invasion of the plaintiff's possession and the damages consequent thereon, the present action was instituted by the issue of a summons early in the next month.

The answer, not controverting the making of the lease nor the entry upon the premises and removal of the house, defends their

action by averring that there was a contemporary verbal agreement accompanying the execution of the covenant, that the lessors should have the right, to be exercised at their pleasure, to remove the house at any time during the year, and the lease should terminate, and that they had availed themselves of this reserved power.

Upon the trial of issues before the jury, the defendants proposed to prove, and after objection made by plaintiff and overruled, were allowed to prove, by the defendant Ramsey, examined as a witness for the defendants, that such agreement as is set out in the answer was made; that he told the plaintiff he could not rent the property for a longer time than it was the pleasure of his employers to allow the house to remain where it was; that they intended to remove it, and, if during the twelve months, they should choose, they were to have full liberty to do so and plaintiff must surrender possession.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

*Mr. John Manning*, for the plaintiff.
*Mr. W. W. Fuller*, for the defendants.

SMITH, C. J. (after stating the facts). It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound, 1 *Greenleaf Ev.*, §76. *Etheridge* v. *Palin*, 72 N. C., 213.

The cases cited do not contravene this rule, and rest upon the idea that the writing does not contain the contract, but is in part execution of it. Such is the ruling in *Twidy* v. *Sanderson*, 9

Ired., 5; *Daughtry* v. *Boothe*, 4 Jones, 87; *Manning* v. *Jones*, Busb., 368; *Perry* v. *Hill*, 68 N. C., 417; *Woodfin* v. *Sluder*, Phillips, 200; *Kerchner* v. *McRae*, 80 N. C., 219; *Braswell* v. *Pope*, 82 N. C., 57; *Terry* v. *Railroad*, 91 N. C., 236; *Sherrill* v. *Hagan*, 92 N. C., 345; *Willis* v. *White*, 73 N. C., 484.

The case most relied on and pressed in support of the admissibility of the testimony, is that of *Kerchner* v. *McRae, supra,* the facts of which, summarily stated, are these: John McCallum died indebted to Charles McRae and Henry McCallum who were partners, doing business in the individual name of the former. The executors of the deceased gave their bond for the amount due, and at the same time it was agreed that the proceeds of certain cotton deposited with the firm by the testator in his life time, when sold, should be applied in payment of the bond, and credited thereon. The bond passed into the hands of the plaintiffs, subject to all the equities attaching to it when held by the obligees, without endorsement of the agreed credit. This evidence was held competent by the Court, and properly so, since it did not in any way modify the terms of the bond, but provided a mode of payment, which the *holders* were to carry into effect and neglected to do. Out of this contemporary contract springs the defendants' equity to have their testator's assets applied to a debt which they had assumed, and in their exoneration *pro tanto,* and which was enforced. Somewhat similar is the ruling in *Willis* v. *White,* above cited.

The true ground upon which such evidence is received, is that it shows the contract of the other party to the agreement, or the part not committed nor intended to be committed to writing, and consequently not constituting the entire agreement.

We do not intend to say, that if the excluded portion of the full parol agreement for renting not contained in the writing, has been left out through fraud or *mutual mistake or accident,* there is not an equitable power residing in the Court for its reformation, so that it shall effectuate the common understanding, when the pleadings are framed in such a way as to admit the defence.

Undoubtedly this may be done, but this is not the case presented to us, and our ruling rests upon a well established rule of evidence prevailing as well in equity as at law. *Howell* v. *Hooks,* 2 Dev. Eq., 258.

There is error. The verdict must be set aside and a new trial had. Let this be certified.

Error.                                                    Reversed.