J. S. RAMSEY and W. R. MAXWELL v. DAVID WALLACE and
AMELIA WALLACE, his wife.

*Sale of Land—Fraudulent Representations—Negligence of Purchaser—Measure of Damages on Warranty of Title.*

1. Where an issue was submitted, whether the defendant, in order to induce the plaintiff to buy a certain town lot, falsely and fraudulently represented that the boundary began at a certain point and ran so as to include a strip of land, which was not, in fact, included, a charge to the jury that, if the defendant, at the time of sale, or pending the negotiations which led to it, represented that the boundary began as plaintiff alleged, and that said representation was false, and the defendant knew it to be false, or had no knowledge whether it was true or false, nor any reasonable grounds to believe it to be true, or had no honest or well grounded belief that it was true, they should find for the plaintiff, but if otherwise, for the defendant, was not liable to exception by the plaintiff.

2. An issue being, whether the plaintiff, relying upon such (fraudulent) representation, purchased the lot from the defendant, it was proper to charge the jury that, if, upon the evidence, they found that plaintiff and defendant agreed for A. B. to settle the boundaries, and he accordingly did settle them, as contained in the deed, they should find for the defendant.

3. Where a purchaser is negligent, in cases where he ought to have informed himself of the facts, he will not be heard to say he relied on the vendor's representations.

4. When the title fails as to part, or all of the land conveyed in a deed, the bargainee cannot claim as damages, in an action on the warranty in the deed, more than the purchase money and interest.

CIVIL ACTION, tried before *Connor, J.,* at February Term, 1888, of the Superior Court of IREDELL County.

The complaint alleges that the plaintiff, desiring to purchase a lot in the town of Statesville, on which to erect a factory, with the necessary buildings, in which to carry on the business of manufacturing tobacco, and so informing the defendant, entered into a negotiation for the purchase of that hereinafter mentioned, for which the sum of $500 was de-

manded.   To induce the purchase, the defendants falsely
and fraudulently represented that the boundary of the lot
began at a stake, the middle of the old gate, and so ran as
to include a strip of level land, of the width of eight or ten
feet, on the top of the hill, on the side next to the Baptist
church, most of the balance of said lot being hill-side, when,
in fact, as the defendants well knew when they made said
representations, the boundary of said lot did not commence
at the middle of the old gate, but eight or ten feet further
down the hill, and did not include the strip of level land,
eight or ten feet wide on the side next to the Baptist church.

4. That afterwards, to-wit: on the 10th day of March,
1884, the plaintiffs, relying on said representations of de-
defendants, and believing that the said lot of land embraced
in its boundaries the said strip of level land, eight or ten
feet wide, on the top of the hill, next to the Baptist church,
and would therefore be suitable for the purpose for which
they wanted it, to-wit: the erection of a tobacco factory and
appurtenant buildings, purchased the said lot of land from
the defendants, and paid them therefor the sum of five hun-
dred dollars ($500.00), and took a deed from defendants in
fee for said land.

5. After said payment and the taking of said deed, plain-
tiff discovered, for the first time, that the boundaries of said
lot of land did not run so as to include the said strip of level
land, eight or ten feet wide, on the top of the hill next to the
Baptist church, but that the said strip, before the making
of plaintiffs' deed, had been conveyed by defendants in fee
to another person.

6. Plaintiffs have, since their said purchase, erected a
tobacco factory and appurtenant buildings on said lot of land,
but, owing to plaintiffs not getting said strip of land, eight
or ten feet wide, on the top of the hill, next to the Baptist
church, said lot was not suitable for the erection of a tobacco
factory and appurtenant buildings, by reason of which,

plaintiffs have incurred great additional expense, in building said tobacco factory and appurtenant buildings, and the same are not nearly so commodious, convenient or valuable as they would have been had they obtained the said strip of level land, which they failed to get as aforesaid ; by reason of which, and by reason of the loss of said strip of land, which is the most valuable part of said lot, plaintiffs have sustained damages to the amount of one thousand dollars.

For the alleged damages the plaintiffs demand judgment for the sum of one thousand dollars.

The answer, admitting the allegation as to the sale of the lot, denies every imputation of misrepresentation and fraud, and avers that the plaintiffs well knew the beginning point to be at the corner of the lot on Broad street, which was conveyed, in 1876, to Rev. J. B. Boone, of the Baptist church, by a deed duly registered, and whose calls could be ascertained by reference to the registry, and that the plaintiffs were not misled or misinformed, as to its location, by the defendant in any way.

The issues submitted, by consent, to the jury, with responses, are as follows:

1. Did the defendants, or either of them, if so, which, in order to induce plaintiffs to buy, falsely and fraudulently represent to the plaintiffs that the boundary of the lot in controversy began at a stake in the middle of the old gate, and so ran as to include a strip of land, eight or ten feet wide, on the hill, on the side next to the Baptist church? Answer, No.

2. Did plaintiffs, relying on said representations, purchase and take a deed from the defendants for said lot? Answer, No.

The deed of the defendant to Boone, made in 1876, describes the land therein conveyed, as "beginning at the intersection of Tradd and Broad streets, and running along Tradd street N. 24° W., 148½ poles, to Davie avenue ; thence

with said Avenue N. 29½° E., 132 feet; thence S. 29° E., 203 feet, to Broad street; thence S. 66° W., 134 feet, to the beginning." A portion of this lot was subsequently sold to the witness John B. Holman.

The deed to the plaintiffs defines the lot conveyed to them, as follows:  "Adjoining the lands of David Wallace and others, and beginning at *a stake in the middle of the old gate*, and corner of Baptist Church lot on Broad street, in the town of Statesville, and runs with said street N. 66° E., 137 feet, to David Wallace's corner; thence N. 24° W., 100 feet; thence S. 66° W., 137 feet, to the said church lot; thence with the same 24° E., 100 feet, to the beginning; containing one fourth of an acre, more or less."  There is evidently an omission in not inserting S. before " 24° E.," in the last line, as this is necessary to make an enclosure.

It is hardly necessary to recapitulate the testimony in detail, in reference to the disputed fact upon which the allegations of fraud and false representions are dependent, further than to refer to that of G. W. Clegg, a witness for the defendant, whose statement of what occurred when the deed was prepared, and preliminary to its being made, is in some degree explanatory of the misunderstanding between the parties.

He says: "I am a surveyor, and run the lines described in the deed from the defendants to plaintiffs; there was some sign of an old gate on Broad street; the centre of the gate was the dividing line between the Baptist church lot and Ramsey & Maxwell; I measured from the corner of Tradd street, as it now is, to the centre of the old gate; it made 132 or 133 feet; we allowed 56 feet for the width of Tradd street; if the street is 66 wide, there would be a difference of ten feet. Tradd street was formerly narrower than now; it has broadened in the last fifteen years; if the measurement had been made as the street was at the date of the deed to Boone, the 134 feet on Broad street, the Baptist church lot on Broad

street, including Holman's lot, would not have reached the middle of the old gate. When I went to survey, Mr. Ramsey and Mr. Wallace went with me; I was selected by them to get the boundaries of the lot from said defendants to the plaintiffs; there was something said, when we were all there, as to where the corner of the Baptist church lot was; I said that, by calling for the corner of the Baptist church lot, and by beginning and calling for the corner of the Baptist church lot, all further difficulty as to the location of the beginning point would be obviated; this, as I understood it, was agreed upon by both parties, and I made out the boundaries accordingly. I gave D. Wallace a copy; he drew the deed."

From this testimony, it would seem that, by reason of the widening of Tradd street, the position of the beginning corner of the lot conveyed to Boone, on that street, had been rendered uncertain, and, to avoid difficulty, it was concluded to so describe the plaintiffs' lot, as that it would begin at that corner, wherever its true location might be, and this was agreed on by both parties to the contract. Aside from all this, the verdict negatives the charge that the defendants, to induce the purchase, represented the beginning to be at the gate, and the line to so run as to include an additional narrow strip of land eight or ten feet wide, or that the plaintiff relied upon such in accepting the deed for the premises. Our inquiry, then, is, whether there is any error in the refusal of the Court to give the instructions asked for by the plaintiffs, or in those given instead, which are the subject of exception? It was conceded that the *feme* defendant executed the deed only to bar her contingent right of dower in the premises, in case of her survivorship, and had no knowledge of what transpired in connection with the sale.

The Court instructed the jury, that, as to her, the plaintiffs could not recover, and the plaintiffs excepted.

Plaintiffs' counsel requested the Court to charge the jury:

"That if they found that the defendants, at and before the purchase, represented to plaintiffs that the middle of the old gate was the beginning corner of the lot purchased, and plaintiffs believed such representation, and relied upon it, and were induced thereby to make the purchase, and the jury find that said representation was false in fact, and that, by reason of its falsity, plaintiffs have suffered damage, plaintiffs are entitled to recover on the first issue, although defendant did not know, when he so made such representation to plaintiffs, that it was false."

The Court declined to give the instruction as requested, and plaintiffs excepted.

The plaintiffs' counsel requested the Court to instruct the jury:

"That if the jury find that, when defendant conveyed away the land adjoining the land sold to plaintiffs, he was present, and directed the line to be run between the land so conveyed to Boone and the land sold to plaintiffs, so as to strike Broad street below the middle of the old gate, seven or eight feet further down on the lot purchased by plaintiffs than the middle of said gate, and they further find that the defendant said the line so ran, and directed a deed, from him to Boone, to be made in accordance with this line, and the deed to Boone was so made, that this fixes the defendant with actual notice—knowledge of the location of the line between the lot sold to Boone and the lot sold to plaintiffs; and although the jury should believe that, at the time he made the representation to plaintiffs, if he did make it, and it was false in fact, he had forgotten these facts, and forgotten where the line was, such forgetfulness of defendant would not prevent plaintiffs' right to recover in this action, and the jury should find the first issue for the plaintiffs."

The Court declined to give this instruction as prayed, but instructed the jury that, upon the supposition made, "the

burden would be cast upon the defendant to reconcile such facts with such representation, and if he made the same recklessly, and without consideration, it would be fraudulent."

The Court proceeded to instruct the jury, as follows:

" If, upon the consideration of the whole evidence, the plaintiffs have, by a preponderance thereof, satisfied you that the defendant David Wallace, at the time of the sale or before and during, and as a part of, the negotiations which resulted in the sale, and as an inducement thereto, represented to the plaintiffs, that 'the boundary of the lot began at a stake in the middle of the old gate, and so ran as to include a strip of land eight or ten feet wide on the hill on the north side next to the Baptist church,' and that said representation was false, and that the defendant knew it to be so, or had no knowledge whether it was true or false, nor any reasonable cause to believe it to be true. or had no honest or well grounded belief that it was true, that they should find the first issue in the affirmative. But if, upon such consideration, you believe the statement was not made, or if made, that it was true; or if untrue, the defendant honestly believed it to be true, and had reasonable ground to so believe, then you should find the first in the negative." The plaintiffs excepted.

The Court, upon the second issue, instructed the jury:

" That if they found from the evidence, that plaintiffs and defendant agreed for Clegg to settle the boundaries of the lot, and in pursuance thereof Clegg did make out the boundaries now in the deed, and settle them, the jury should answer the second issue in the negative."

Rule for a new trial; rule discharged.

There was a judgment upon the findings for the defendants, and the plaintiffs appealed.

*Mr. R. F. Armfield*, for the plaintiffs.
*Mr. J. B. Batchelor*, for the defendant.

SMITH, C. J., (after stating the case).   We do not see any just ground of complaint, which the plaintiffs can prefer, either in declining to charge the jury as requested, or in the statement of the law, in the directions given them by the Judge.

What more favorable to the plaintiffs could be asked than an instruction, that, if the defendant David Wallace represented at the time of the sale, or pending the negotiation that looked to this end, " that the boundary of the lot" began as plaintiffs alleged, and that said representation was false, and that the defendant knew it to be false, or had no knowledge whether it was true or false, nor any reasonable grounds to believe it to be true, or had no honest or well grounded belief that it was true," the verdict on the first issue should be in the affirmative?

And then followed the correlative proposition, in a negative form, upon which the finding should be for the defendant.

The charge upon the second issue is equally free from objection.

The cases collected by the industry and care of Mr. Batchelor, of the rulings in this State, are so clear and decisive of the law, as to leave little to do, except to make reference to them.   *Tilghman* v. *West*, 8 Ired. Eq., 183; *Lytle* v. *Bird*, 3 Jones, 222; *Credle* v. *Swindell*, 63 N. C., 305; *Etheridge* v. *Vernoy*, 70 N. C., 713; *Etheridge* v. *Palin*, 72 N. C., 213: *Hill* v. *Brower*, 76 N. C., 124; *Knight* v. *Houghtalling*, 85 N. C., 17; *Cohen* v. *Stewart*, 98 N. C., 97.   Several of these cases go further, and require that the vendee shall not be culpably negligent, in cases where he ought to have informed himself of facts, and allege, that he relied upon the vendor's representations

In *Etheridge* v. *Palin, supra,* which related to a sale of personal property, the jury found, that the vendor's representations were, in fact, untrue, and that the plaintiff relied upon them, and yet, as they were not embodied in the contract, it was held that the plaintiff could not recover, while the rule was admitted, that "where a party affirmed, as a fact, a matter which turns out not to be true, it makes no difference whether he knows it to be untrue or not."

The complaint makes the necessary averments of false and fraudulent representations, as the inducement that brought about the contract, and the damage alleged to result from it.

There was no inquiry as to the amount of the damages, and it is dispensed with by the verdict; yet we notice that a sum is demanded twice the amount of the purchase money; so that, while a total failure of title in an action upon a warranty in the deed would only admit of a recovery of the purchase money and interest, the loss of a very narrow strip is to be compensated by a recovery of double the purchase money, according to the plaintiff's demand.

There is no error, and the judgment is affirmed.

No error.                                                    Affirmed.